PEARSON *v.* GILLENWATERS.

(*Knoxville.*    October  6,  1897.)

ADMINISTRATION.    *Exhaustion of personal assets that justifies sale of lands.*

The personal assets of an estate have been "exhausted in the payment of debts," within the meaning of Code, §§ 4000, 4001 (S.), so far as to justify a sale of lands to pay debts, where the amount actually realized from the personal estate is insufficient to pay all the debts, although the personal assets were of sufficient value at one time for that purpose if they had been then disposed of, but have since depreciated in value without fault of the administrator, and thereby became insufficient.

Cases cited and approved: Jones *v.* Douglass. 1 Tenn. Ch., 631; 2 Vesey, 241; 1 Ch. Cas., 190; Caine's Cases, 96.

Cited and distinguished: Bennett *v.* Coldwell, 8 Bax., 483; Maxwell *v.* Smith, 86 Tenn., 544; Peck *v.* Wheaton, M. & Y., 359; Gilman *v.* Tisdale, 1 Yer., 285; Elliott *v.* Patton, 4 Yer., 10.

FROM  HAWKINS.

Appeal from Chancery Court of Hawkins County. A. T. BOWEN, Ch.

J. O. PHILLIPS and SHIELDS & MOUNTCASTLE for Pearson.

GILLENWATERS & SON, JARVIS & ARMSTRONG, and HUFFMASTER & CHESNUTT for Gillenwaters.

WILKES, J.   A petition to rehear is presented in this case, and urged with much earnestness upon our consideration.   In it, it is said that the decision of this Court is accepted as correct, upon the finding of facts by the Court of Chancery Appeals, so far as it refuses to hold the complainant liable as administrator for his failure to realize on the bank stock belonging to the estate in 1889, and releases him from personal liability for the loss incurred by the delay and the depreciation.

The contention in the petition to rehear is that, under the facts and conceding the correctness of the decree releasing the administrator from liability, still the Chancery Court had no jurisdiction to subject the lands of the estate to the debts of creditors.

The substance of the contention is that there is shown to have been personal assets in the hands of the administrator in 1889, if they had been then realized upon, sufficient to pay all the debts, and this exonerates the lands in the hands of the devisees, even though these personal assets may have afterwards depreciated in value, so that they are not sufficient, and at the same time, under such circumstances, that the administrator is not liable for the depreciation.   The argument is based upon the language of §§ 4000, 4001, Shannon's compilation, which provide for a sale of the land belonging to the estate when the personal estate of the deceased has been exhausted in the payment of debts, leaving other debts or demands unpaid, and further provide that

before making any decree for sale it must appear to the satisfaction of the Court that the personal estate has been exhausted in the payment of *bona fide* debts, and that other just debts are owing.

The argument, under the facts of this case, comes to this: That when there are, at one time, in the course of the administration, assets of value sufficient to pay all the just debts, there can be no sale of land to pay any debts, even though the assets afterward deteriorate in value until they become insufficient, and that, too, without culpable fault on the part of the administrator.

It is not suggested what the remedy of the creditor may be in such cases, nor, indeed, that he has any remedy, but the insistence is that assets once existing have not been exhausted in paying debts, and hence there can, under the statute, be no sale of the land.

The only inference to be drawn from the argument is that the creditor must lose his debt, inasmuch as he cannot subject the land and cannot hold the administrator liable for a devastavit.

We are cited to the cases of *Bennett* v. *Coldwell*, 8 Bax., 483, and *Maxwell* v. *Smith*, 2 Pick., 544, as sustaining the position assumed in the petition to rehear, that the land cannot be sold.

In the first case, of *Bennett* v. *Coldwell*, 8 Bax., 483, it was held that if an administrator has wasted the assets of the estate, he, and the sureties on his bond, are liable to the creditors to the extent of

the waste, and not the land of the heirs, and this is true, even ,if the administrator and his sureties are insolvent, and, in such case, the loss must fall upon the creditors. It is further said that the law does not make the 'heirs securities for the administrator, nor make their rights dependent upon the integrity or negligence of the administrator. This case is not in point with the present case, inasmuch as in that case there is assumed to be a devastavit by the administrator, for which he and his sureties are liable to the creditors. In this case it is found there is no devastavit and no liability upon the part of the administrator or his sureties, but a shortage in assets without fault of the administrator.

In the case of *Maxwell* v. *Smith*, 2 ˙ Pick., 539, there were sufficient assets to pay the debts, ˙and the administrator, after the time within which domestic creditors could sue, distributed the assets to the next of kin and took solvent refunding bonds from them. It was held that funds thus paid over to distributees on refunding bond under the statute were not exhausted in the payment of debts within the meaning of the statutory requirements, but that the refunding bonds stand in lieu and in the place of assets, and to that extent protect the lands, and if they become insolvent after being taken, the loss must fall upon the creditor.

It is clear that in each of these cases a substantial remedy is left to the creditor, in the one case (of devastavit) against the administrator and his sure-

15 p—30

ties, and in the other against the distributee and his sureties, and these bonds stand in the place of assets, and they are provided by statute for the security of creditors, and they must look to them, and not to the land, which does not stand as security for the administrator or distributee. But when assets have been lost by shortage or destruction, without fault of the administrator, it is as if they had never existed, and could not, under the circumstances, be realized upon and applied.

The case of *Jones* v. *Douglass*, 1 Cooper Ch., 631, is exactly in point, the question being stated by the learned Chancellor in these words: "If personal chattels of the intestate sufficient to pay debts have come to the hands of the personal representative, but have been lost before being turned into money and duly administered, does the loss fall upon the creditors or heirs? It is not a question of devastavit by the administrator, for in that view the administrator and sureties on his official bond would be bound, and the loss, if any, would have to be borne by the creditors, citing *Peck* v. *Wheaton*, M. & Y., 359; *Gilman* v. *Tisdale*, 1 Yer., 285; *Elliot* v. *Patton*, 4 Yer., 10; *Bennett* v. *Coldwell*, 8 Bax., 483. This is not a case where the land has been sold sufficient to pay the debts and there is a subsequent loss of the proceeds. But the question is 'whether property of the estate, lost without fault of the administrator, is assets at all with which he can be charge-

able, for if the administrator is not chargeable with the loss, the creditor cannot be.' "

In that case it was held that chattels which come to the hands of the representative are not assets if lost without his fault—as, if cattle die, or goods are destroyed by the enemy, or are stolen, or a ship perish at sea. Cases are cited by the learned Chancellor holding a similar doctrine when goods or money are lost by robbery, or assets are destroyed by fire (citing *Jones* v. *Lewis*, 2 Ves., 241; *Holt* v. *Holt*, 1 Chy. Cas., 190; *Freeman* v. *Coe*, Caine's Cases, 96), and, we might add, the loss of the money of the estate by the failure of a bank in which it is deposited, without fault or negligence on the part of the administrator. Pritchard on Wills, Sec. 795, p. 831; *Ib.*, Sec. 699, and cases cited.

It is a matter of everyday occurrence, that the prices and market values of personal property, such as horses, cattle, provisions, bank stock, and even money, fluctuate rapidly, and often decline without any premonition, and an estate may be solvent to-day and insolvent to-morrow, and this without fault upon the part of the administrator; but if the rule now sought to be enforced by counsel is declared, none of these matters can affect the heir, but the creditor must carry all such risks and be the sufferer in such cases. We do not think such a rule is supported by either reason or authority. The assets which must be exhausted under the statute before the real estate can be reached in the hands

of the heirs, are such assets as can be realized on by proper diligence, and such as are not realized on by proper diligence by the administrator, are not assets in the sense in which the statute uses the term.

The contention of petitioner cannot be maintained, and the petition is dismissed.